**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARNELL CORNELIUS ROLLINS,** | § | |
| **Petitioner,** | § | |
| **VS.** | § | **NO. 3-05-CV-1534-R** |
| | § | **ECF** |
| **NATHANIEL QUARTERMAN, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner challenges the revocation of his mandatory supervision.  On August 18, 1986,

Petitioner pled guilty to attempted murder.  *The State of Texas v. Carnell Cornelius Rollins*, No.

F-86-87050-S (282nd Jud. Dist. Ct., Dallas County, Tex., Aug. 18, 1986).  Petitioner was

sentenced to eighteen years confinement.

On August 2, 2002, Petitioner was released to mandatory supervision.  On July 9, 2004,

Petitioner's mandatory supervision was revoked.  On August 25, 2004, Petitioner was returned to

custody.

After exhausting his state remedies, Petitioner filed this federal petition.  He argues: (1)

the revocation of his mandatory supervision violated his constitutional rights; (2) the forfeiture

of his time credits was unlawful; and (3) the denial of street-time credits was unlawful.

## II.  Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)      An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication
> of the claim –
>
> > (1)      resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2)      resulted in a decision that was based on an unreasonable determination of
> > the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.

Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on

the merits in state court after April 24, 1996.  *See Lindh*, 521 U.S. at 336.  The petition in this

case is subject to review under the AEDPA.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

2.      **Revocation**

Petitioner argues his revocation violated his constitutional rights because: (1) he was denied the right to a neutral hearing; and (2) he was denied the right to cross-examine a complaining witness.

In *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), the Supreme Court set out the following minimum requirements of due process for revocation hearings: (1) written notice of the claimed violations; (2) disclosure of the evidence against Petitioner; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing body such as a traditional parole board; and (6) a written statement by the factfinders as to the evidence relied on and the reasons for the revocation. *Id*. at 489.

In this case, Petitioner argues that he did not have a neutral and detached hearing body because the parole officer who filed the revocation charges also testified against him at the revocation hearing. Petitioner, however, has not alleged that the hearing officer was not neutral or detached. In fact, Petitioner specifically states that he "has not and does not challenged (sic) the neutrality of the Hearing Officer . . ." (Pet. Reply at 2). Petitioner has therefore failed to show that he did not have a neutral hearing body for his revocation hearing.

Petitioner also argues that he was not allowed to confront his accuser. The record shows that Petitioner was revoked for failure to report and for assaulting his wife. (Resp. Ex. C at 4). At the preliminary hearing, Petitioner's wife did not appear. The state offered an affidavit by Petitioner's wife stating that Petitioner had assaulted her. (*Id*. at 11). The hearing officer found

probable cause to revoke Petitioner and bound the case over for a revocation hearing.  At the

revocation hearing, Petitioner's wife again did not appear.  Petitioner submitted into evidence an

affidavit of non-prosecution by his wife.  (*Id*. at 3).

Judicial review of a decision to revoke mandatory supervision "is quite circumscribed."

*Villareal v. U.S. Parole Com'n.*, 985 F.2d 835, 839 (5th Cir. 1993).  Due process only requires

that there be "some evidence" in the record to support the decision.  *Id*.  A revocation proceeding

is not part of a criminal prosecution.  *Morrissey*, 408 U.S. at 480.  The burden of proof is by a

preponderance of the evidence, a considerably lower standard than reasonable doubt which

governs criminal trials.  *Villareal*, 985 F.2d at 839.

In this case, the record shows that the hearing officer's decision to revoke Petitioner's

mandatory supervision was based on multiple factors.  First, Petitioner admitted that he failed to

report.  (Resp. Ex. C at 4).  Additionally, two police officers testified regarding the assault of

Petitioner's wife.  (*Id*).  The hearing officer did not rely on Petitioner's wife's affidavit regarding

the assault.  (*Id*).  The hearing officer clearly had sufficient factual support for the finding that

Petitioner violated at least one condition of his supervised release.  Revocation was therefore

warranted.  *See United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995) (finding that

record need only support a violation of a single condition of release to be upheld by appellate

court).  Petitioner's claim should therefore be denied.

## 3.    Time Credits

Petitioner argues his good-time credits were unlawfully forfeited when he was released to

mandatory supervision.  Under Texas law, however, "[o]n the revocation of parole or mandatory

supervision of an inmate, the inmate forfeits all good conduct time previously accrued."  TEX.

GOV'T CODE Ann. § 498.004(b); *see also Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (en banc).  Further, the Fifth Circuit has held that a Texas prisoner's habeas claim seeking reinstatement of good-time credits was moot because the prisoner had been released to mandatory supervision.  The Court held that any previously earned good-time credit was forfeited upon release to mandatory supervision and "w[ould] not carry over to a subsequent confinement."  *Adair v. Dretke*, 150 Fed. App'x 329 (5th Cir. 2005).  Petitioner's claim should therefore be denied.

**4.      Street-Time Credits**

Petitioner argues he is being unlawfully denied street-time credits for the time he was on supervised release.  Petitioner acknowledges that under TEXAS GOVERNMENT CODE § 508.28(c), he is ineligible for street-time credit because he was previously convicted of an aggravated assault.  Petitioner argues that this statue violates the Ex Post Facto Clause.

To constitute a violation of the Ex Post Facto Clause, a change in law "must be both retroactive and to a prisoner's detriment."  *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1977); *see also, Lynce v. Mathis*, 519 U.S. 433, 441 (1997) ("To fall within the ex post facto prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment' and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime.").  The court "must determine whether [the change] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes."  *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995).

In this case, Petitioner has not been made to endure a punishment more severe than that assigned by law when the criminal act occurred.  Prior to Petitioner's revocation, Texas law

provided that a person was not entitled to street time following revocation of his parole or supervised release. See Tex. Gov't Code Ann. § 508.283(b). The effective date of this statute was September 1, 1997. Petitioner's revocation occurred on July 9, 2004. His ex post facto claim is without merit and should be denied.

5.      **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 28th day of August, 2006.


_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).